**UNITED STATES of America, Plaintiff,**

v.

**Suzanne WETTSTEIN, Defendant.**

**No. 90–1001.**

United States District Court,
C.D. Illinois.

March 29, 1990.

while she was employed as a psychologist at a clinic owned by a Mr. Legan, who is apparently the subject of an IRS investigation.

The basis of Petitioner's Motion to Quash is the Illinois Mental Health and Developmental Disabilities Confidentiality Act, Ill. Rev.Stat. ch. 91½, ¶ 801 *et seq.*, which prohibits disclosure of any confidential communication indicating that a person was or was not the recipient of mental health or developmental disability services.

In addition, Wettstein complains that there has been no showing that the appointment book will shed light on the correctness of Legan's federal income tax return. Rather, the IRS has alleged only that it "*may* shed light on the correctness" of Legan's return (emphasis added).

Wettstein argues further that the government has identified no federal law in conflict with the Illinois law and thus, under *Erie v. Tompkins,* this Court must recognize the state privilege defined in the Act.

The IRS first asserts that it has set forth a *prima facie* case for enforcement of its summons and is therefore entitled to enforcement unless Respondent shows abuse or otherwise establishes that enforcement would be improper. Second, it argues that this psychologist/patient privilege cannot serve as the basis for refusing to enforce the summons as the IRS has been given broad powers to subpoena such information; in the absence of either a federally-recognized state law privilege or a *federal* common law privilege, Respondent must comply on the basis of the supremacy clause.

Benjamin R. Norris, U.S. Dept. of Justice, Tax Div., Washington, D.C., and James Kuhn, Asst. U.S. Atty., Peoria, Ill., for plaintiff.

Danny Schroeder, Littler, Renner, Howard & Wombacher, Peoria, Ill., for defendant.

## ORDER

MIHM, District Judge.

Pending *before* the Court is Respondent's Motion to Quash the Summons served by the Petitioner. In the Motion to Quash, Wettstein, who is a psychologist, disputes the ability of the Internal Revenue Service to gain discovery of her appointment book which contains a list of the names of the patients which she treated

■ To enforce an IRS summons, the United States must show (1) the summons was issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the data are not already in the IRS' possession and (4) the administrative steps required by the Internal Revenue Code for issuance and service have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). Generally, the declara-

tion of the IRS agent who is seeking enforcement of the summons is sufficient. *United States v. Kis*, 658 F.2d 526, 536 (7th Cir.1981). In the case before the Court, the agent seeking enforcement is Robert Bjerke, who has filed a declaration setting forth the four elements required by Powell.

The only element of the *prima facie* case disputed here is that of relevance. According to Respondent, relevance must be determined according to the standards of relevance used in deciding whether evidence is relevant under Federal Rule of Evidence 401. That argument was flatly rejected in *United States v. Arthur Young*, 465 U.S. 805, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984), in which the Supreme Court held that the language of § 7602 clearly indicates Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation.

■ Since the IRS is not required to show any more than potential relevance, this Court finds that the appointment book is relevant. As a result, the IRS has established its *prima facie* case.

The burden is therefore on the Respondent to show that enforcement of the summons would be an abuse of the Court's process or otherwise improper. *Powell*, 379 U.S. at 58, 85 S.Ct. at 255. Respondent must come forward with specific facts to support a legally sufficient rebuttal or defense. *Kis*, 658 F.2d at 538–39.

■ The legal theory advanced by the Respondent is the state law privilege. Thus, the issue at this point is the relationship between Illinois' privilege and the broad statutory authority granted to the IRS in 26 U.S.C. § 7602.

Section 7602 provides in pertinent part: For the purpose of ascertaining the correctness of any return ... the secretary is authorized (1) to examine any books, papers, records or other data which may be relevant or material to such inquiry.

In *Arthur Young*, the Supreme Court discussed § 7602 as follows:

In order to encourage effective tax investigations, Congress has endowed the IRS with expansive information-gathering authority; § 7602 is the centerpiece of that congressional design ... While § 7602 is "subject to the traditional privileges and limitations," any other restrictions upon the IRS summons power should be avoided "absent unambiguous directions from Congress."

465 U.S. at 816, 104 S.Ct. at 1502.

In *United States v. Tratner*, 511 F.2d 248 (7th Cir.1975), the Seventh Circuit declined to consider "whether the issue of privilege in a federal tax proceeding is to be resolved as a matter of state or federal law." *Id.* at 251. In that case, the privilege at issue was the attorney-client privilege; since Illinois law and federal law were the same, it was not necessary to decide the issue. The Court also noted that the Circuits were divided on this issue. *Id.*

In this case, the privilege is asserted to be the confidentiality of mental health patients' identities pursuant to the Mental Health Act. That law has never been recognized in federal court, nor has federal common law recognized any corresponding privilege.

In the absence of a traditional privilege and in the absence of express directions from Congress, the broad authority of the IRS to obtain information cannot be impaired by state-law privileges or other state-created exceptions. Such a narrowing of the summons power of the IRS would result in the insulation of certain classes from income verification, not to mention 50 different versions of the IRS power. Neither result is palatable.

As a result, the Supremacy Clause dictates that the state-created privacy right must yield in the face of the expansive, congressionally-bestowed summons power of the IRS.

Although this Court recognizes the grave concerns underlying the Illinois statute and is deeply troubled by the invasions into the privacy of Ms. Wettstein's patients which will necessarily result, the reasoning of *Arthur Young* is dispositive. Balancing the policies of the state with those of the Tax Code is a job for Congress, not for this Court.

Accordingly, the IRS Petition for Enforcement of the Subpoena is hereby GRANTED.