United States Court of Appeals,

Fifth Circuit.

No. 89–3869.

UNITED STATES of America, and Eugene Nepveaux, Revenue Officer of Internal Revenue, Plaintiffs–Appellees,

v.

Thomas A. MOORE, M.D., Defendant–Appellant.

Aug. 28, 1992.

Appeals from the United States District Court For the Eastern District of Louisiana.

Before WISDOM, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:

In this case we are asked to determine whether a "physician (psychotherapist)-patient privilege" protects information that the Internal Revenue Service is attempting to obtain from the defendant/appellant, Dr. Thomas A. Moore. Dr. Moore contends that the district court erred by enforcing the IRS summons in this case. We hold that there is no privilege protecting the information sought by the IRS. We affirm.

I.

The appellant, Dr. Moore, is a practicing psychiatrist in Houma, Louisiana. Dr. Moore did not file federal income tax returns for the years 1977 through 1987 and has made no payments of his 1988 tax liability. As a result, Dr. Moore is indebted to the IRS for unpaid taxes, interest, and penalties totaling more than $1,000,000.

In 1989 Eugene Nepveaux, the IRS agent assigned to collect that delinquent amount from Dr. Moore, issued a summons requesting that Dr. Moore produce his Accounts Receivable records indicating the name of each patient, the amount owed by each patient, and the insurance company or other indemnifier of each patient. Dr. Moore appeared before Agent Nepveaux, but refused to produce the requested documents on the grounds that to do so would constitute a violation of the

doctor-patient privilege under Louisiana law.

The United States of America and Agent Nepveaux instituted this suit by filing in the district court a petiti on to enforce the summons. The matter was referred to a magistrate. Dr. Moore, appearing pro se, argued before the magistrate that the information sought was protected by the doctor-patient privilege. The magistrate ordered an in camera inspection of the documents.

After Dr. Moore obtained counsel, he requested that the magistrate's order for an in camera inspection be considered an alternative rule nisi that Dr. Moore produce his records or show cause why he should not be required to do so. This request was granted by a second magistrate to whom the case had been reassigned.

At the hearing, Dr. Moore again refused to produce the requested documents, contending that the doctor-patient privilege would be violated even by an in camera inspection of the requested documents. The magistrate, after hearing argument and taking the matter under advisement, recommended that the summons be enforced. The district court agreed and ordered Dr. Moore to comply with the summons.

On June 6, 1990, the day before oral argument in this Court, Dr. Moore filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code. All proceedings in this matter were stayed by this Court pursuant to 11 U.S.C. § 362. The bankruptcy proceedings have now been dismissed. Accordingly, we reach the merits of this appeal.

II.

Dr. Moore contends that Louisiana law recognizes a doctor-patient privilege controlling the

outcome of this case.[1]  He argues that Rule 501 of the Federal Rules of Evidence requires the district court to apply Louisiana law in this case.  Rule 501 provides in pertinent part that

> the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.  However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Dr. Moore relies on the second clause of Rule 501 to support his position.  This case, however, is not one "as to which State law supplies the rule of decision".  This is a federal case in which the IRS is seeking to enforce a summons issued under federal statutory authority.[2]  Louisiana law does not control.

Dr. Moore's alternative argument is that this circuit adopt a doctor-patient privilege.  This Court has previously considered this question and concluded that there is no doctor-patient privilege under federal law.[3]  "As a panel of this Court, we are without power to overrule a decision of another panel.  That task falls solely to the full Court sitting *en banc*."[4]  We hold, therefore, that there is no federal doctor-patient privilege protecting the information sought by the summons in this case.

Furthermore, even if this Court were to adopt a doctor-patient privilege, it is unclear whether

---

[1]There are two statutes in Louisiana establishing a doctor-patient privilege:  La.Rev.Stat.Ann. § 13:3734 (West 1991) and La.Rev.Stat.Ann. § 15:476 (West 1992).

[2]The statutory authority under which the IRS may issue summonses is contained in 26 U.S.C. § 7602.  The Supreme Court has announced the standards that the IRS must meet in order to obtain enforcement of a summons.  *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).  The magistrate found that the IRS had met the *Powell* requirements, and Dr. Moore does not challenge this finding on appeal.

[3]*United States v. Harper,* 450 F.2d 1032 (5th Cir.1971), *cited with approval in United States v. Meagher,* 531 F.2d 752, 753 (5th Cir.), *cert. denied,* 429 U.S. 853, 97 S.Ct. 146, 50 L.Ed.2d 128 (1976) and *United States v. Burzynski Cancer Research Institute,* 819 F.2d 1301 (5th Cir.), *reh'g denied en banc,* 829 F.2d 1124 (5th Cir.1987), *cert. denied sub nom., Wolin v. United States,* 484 U.S. 1065, 108 S.Ct. 1026, 98 L.Ed.2d 990 (1988).

[4]*Ford v. United States,* 618 F.2d 357, 361 (5th Cir.1980).

the information sought by the summons would be protected. The Court of Appeals for the Sixth Circuit was the first circuit court to adopt such a privilege,[5] and the Second Circuit recently recognized this privilege as well.[6] In the Sixth Circuit case the information sought in this case would not be within the scope of the privilege. In *Zuniga* the Sixth Circuit considered the question of whether the identities of a psychotherapist's patients were within the scope of the privilege and concluded that, on the facts of that case, "the identity of a patient or the fact and time of his treatment does not fall within the scope of the psychotherapist-patient privilege."[7] Thus, even were this Circuit to adopt a psychotherapist-patient privilege, the information sought by the summons in this case would fall outside the perimeter of its protection.[8]

Finally, Dr. Moore requests that he be given the opportunity to inform each of his patients that if they continue to owe him money or to utilize his services then he must reveal their identity to the IRS. The United States does not address this issue in its brief before this Court, nor did the United States address this issue in the district court. Dr. Moore is, of course, free to notify his patients if he so desires. Nevertheless, we decline the opportunity to impose a notification requirement as a pre-requisite to enforcement of the summons.[9]

The order of the district court enforcing the summons is AFFIRMED.

---

[5]*In re Zuniga,* 714 F.2d 632 (6th Cir.), *cert. denied,* 464 U.S. 983, 104 S.Ct. 426, 78 L.Ed.2d 361 (1983).

[6]*John Doe v. Diamond,* 964 F.2d 1325 (2d Cir.1992).

[7]*Zuniga,* 714 F.2d at 640.

[8]*See also John Doe v. Diamond,* 964 F.2d at 1328 (2d Cir.1992) ("the privilege amounts only to a requirement that a court give consideration to a witness's privacy interests as an important factor to be weighed in the balance in considering the admissibility of psychiatric histories or diagnoses").

[9]*Cf. United States v. Barrett,* 837 F.2d 1341, 1351 (5th Cir.1988) (en banc), *cert. denied,* 492 U.S. 926, 109 S.Ct. 3264, 106 L.Ed.2d 609 (1989) ("in a summons enforcement proceeding the only issue that the district court can decide is whether to enforce the summons. The court cannot conditionally enforce the summons").