UNITED STATES of America, Petitioner

v.

MHC SURGICAL CENTERS ASSOCIATES, INC., d/b/a Broadwest Comprehensive Medical Partnership, Defendant.

No. 2:95 MC 17 JM.

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 2, 1995.

Carol A. Davilo, Assistant U.S. Attorney, Dyer, IN and Stacy Hallett, U.S. Department of Justice, Tax Division, Washington, DC, for petitioner.

Harvey Karlovac, Timothy F. Kelly & Associates, Munster, IN, for defendant.

### ORDER

MOODY, District Judge.

As explained in an order entered on September 18, 1995, the United States is seeking to enforce a summons issued to MHC pursuant to 26 U.S.C. § 7602. In particular, the IRS seeks information concerning patients treated by Dr. Dennis Streeter. MHC has complied with the summons except that it resists disclosure of the names, addresses and telephone numbers of Dr. Streeter's patients on the basis of the physician-patient

privilege. The IRS contends that federal common law recognizes no such privilege. *See, e.g., United States v. Moore,* 970 F.2d 48, 50 (5th Cir.1992).

In part because the United States' petition inadequately demonstrated the relevance of the information sought and in part because of cases suggesting that the Seventh Circuit might recognize the privilege, *see United States v. Davies,* 768 F.2d 893, 897 (7th Cir. 1985) and *In re Pebsworth,* 705 F.2d 261, 263 (7th Cir.1983), the court requested a supplemental brief from the United States. The United States has filed that brief, accompanied by a supplemental declaration of IRS Special Agent Paul Seamon establishing the relevance of the summoned information.

The elements of a *prima facie* case for enforcement of an IRS summons are: 1) the summons was issued for a legitimate purpose; 2) the summoned information may be relevant to that purpose; 3) the summoned information is not already within the IRS' possession; and 4) proper procedures for issuance and service of the summons have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). The court now finds that the United States has established its *prima facie* case. The issue squarely before the court, then, is MHC's claim that the identities of its patients who were treated by Dr. Streeter are privileged.

As noted in *United States v. Wettstein,* 733 F.Supp. 1212, 1214 (C.D.Ill.1990), the Seventh Circuit has not determined whether claims of privilege in a federal tax proceeding should be resolved as a matter of state or federal law. *United States v. Tratner,* 511 F.2d 248 (7th Cir.1975). *Tratner* avoided deciding the issue by determining that the outcome would be the same under both federal and state law. *Id.* at 251. *Wettstein,* confronted with the issue squarely, determined that the IRS' broad authority to gather information under § 7602 could not be impaired by an Illinois statutory privilege protecting the confidentiality of mental health patients' identities, where federal common law recognized no corresponding privilege. *Wettstein,* 733 F.Supp. at 1214. The court noted that it was deeply troubled by the invasion of patients' privacy that would result from its ruling. *Id.*

This court shares *Wettstein's* concern. It strikes the court as outrageous that individuals who have sought medical treatment for matters of a highly personal nature will have their privacy invaded by the IRS only because they had the misfortune to consult a physician who has become the subject of an IRS investigation. However, under Indiana state law the physician-patient privilege is a creature of statute and did not exist at common law. Ind.Code § 34–1–14–5(3); *Terre Haute Regional Hospital v. Trueblood,* 600 N.E.2d 1358, 1360 (Ind.1992). Because the Seventh Circuit has not explicitly recognized the existence of any corresponding privilege under federal common law, this court reluctantly concludes, like *Wettstein,* that the IRS is entitled to the information it seeks.

Accordingly, MHC is **ORDERED** to obey the summons served upon it, by attending, giving testimony, and producing records, documents and other data, as required by the terms of summons item number 1 of the attachment to the summons, at such time and place as may be requested by Special Agent Seamon or any other authorized officer of the IRS.

**SO ORDERED.**