IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 92-5702
92-5750
(Summary Calendar)
_____

KATHERINE LAVERNE GILBREATH, ET AL.,
                    Plaintiffs,

KATHERINE LAVERNE GILBREATH,
                    Plaintiff-Appellant,

v.

GUADALUPE HOSPITAL FOUNDATION
INC., ET AL.,
                    Defendants-Appellees,
                    and

UNITED STATES MERIT SYSTEMS
PROTECTION BOARD
                    Defendant-Intervenor-Appellee.

_____

U.S. MERIT SYSTEMS PROTECTION BOARD,
                    Plaintiff-Appellee,

v.

DEBORAH DILL, ETC., ET AL.,
                    Defendants,

KATHERINE LAVERNE GILBREATH,
                    Defendant-Appellant.
_____

Appeals from the United States District Court
for the Western District of Texas
SA 02 CA 31 & SA 92 CV 52
_____
August 20, 1993

Before KING, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Katherine Gilbreath filed an action in Texas state court seeking to enjoin the enforcement of subpoenas issued to the defendant hospitals by an administrative judge on behalf of the Merit Systems Protection Board (MSPB) pursuant 5 U.S.C. § 1204(b)(2)(A). When the state court entered an injunction, the MSPB intervened and removed the action to the United States District Court for the Western District of Texas. The MSPB also filed a separate action in the district court to enforce the subpoenas. After all parties in the removed case consented to trial before a magistrate judge, Gilbreath moved for remand and for summary judgment. The magistrate denied both motions and entered a judgment vacating the injunction and ordering the hospitals to comply with the subpoenas. In the enforcement action, the district court also entered a judgment ordering hospital officials to comply with the subpoenas. In this consolidated appeal, Gilbreath challenges both judgments. Finding no error on the part of the magistrate judge or the district court, we affirm.

I.

On December 30, 1990, Katherine Gilbreath and her son, Van, were treated for gunshot wounds at Baptist Memorial Hospital and

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Guadalupe Valley Hospital (the Hospitals).  Local newspapers reported that Gilbreath's husband, Vance, had shot his wife and son during a domestic disturbance.  Vance Gilbreath was arrested and subsequently indicted on two counts of attempted murder.  The charges ultimately were dismissed.

In April 1991, Vance Gilbreath's employer, the Defense Logistics Agency (DLA), an agency of the federal government, removed him from his position as a Supervisory Subsistence Management Specialist.  The DLA cited the alleged shootings as one of the grounds for Mr. Gilbreath's removal.[1]  In particular, the DLA submitted that there was extensive publicity about the shootings in local newspapers and that the incident had caused the employees he supervised to lose confidence in him and had undermined his effectiveness in dealing with the public, contractors, vendors, and other business people with whom he had to interact to accomplish his duties.

Mr. Gilbreath appealed his dismissal to the MSPB,[2] an independent, quasi-judicial federal agency that is responsible, among other things, for adjudicating appeals by federal employees from adverse personnel actions.  See 5 U.S.C. §§ 1204(a), 7513(d) and 7701 (1988 & Supp. III 1991).  At the request of the DLA, the administrative judge who was to conduct the MSPB hearing issued

_____

[1]  The DLA also charged Mr. Gilbreath with openly having an affair with an agency employee whom he supervised, with apparent conflicts of interest with vendors, and with failing to cooperate with his supervisor and investigative authorities.

[2]  Vance H. Gilbreath v. Defense Logistics Agency, MSPB Docket No. DA0752910719I1.

3

subpoenas <u>duces</u> <u>tecum</u> directing the Hospitals to produce medical records relating to the treatment of Katherine and Van Gilbreath on the night of alleged shootings. The subpoenas were issued pursuant to 5 U.S.C. § 1204(b)(2)(A)(Supp. III 1991), which provides that any administrative law judge appointed by the MSPB "may, with respect to any individual . . . issue subpoenas requiring the attendance and presentation of testimony of any such individual, and the production of documentary or other evidence from any place in the United States . . . ."

On the day before the MSPB hearing, Gilbreath and her son filed an action in Texas state court, seeking to enjoin the enforcement of the MSPB subpoenas. The Gilbreaths argued that the hospital records sought by the MSPB were confidential patient communications and, as such, were protected under Texas law by the physician-patient privilege. The Texas court granted a temporary restraining order, and, shortly thereafter, the Gilbreaths and the Hospitals filed an agreed order prohibiting the release of the records. The state court entered a permanent injunction on October 28, 1991.

At the October 22 hearing, the DLA moved to enforce the subpoenas, as required under MSPB regulations. <u>See</u> 5 C.F.R. § 1201.85(a). On November 25, the administrative law judge granted the motion and referred the matter to the MSPB's General Counsel for enforcement action. <u>See</u> <u>id</u>. The MSPB, which had not been made a party to the Texas state-court proceeding, then requested

4

a copy of the documents relating to the state-court injunction. The MSPB received the requested documents by fax on December 9.

On January 7, 1992, the MSPB intervened in the state-court proceeding and moved to dissolve the injunction on the ground that it was invalid because the MSPB, as issuer of the subpoenas, was an indispensable party. The following day, the MSPB filed a notice and petition for removal under 28 U.S.C. § 1441. In its petition, the MSPB asserted that the district court had original jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 1204(c). No motion to remand the action was filed within the thirty-day period set forth in 28 U.S.C. § 1446(c), and, after each of the parties consented to proceed before a magistrate judge, the district court referred the removed action to a magistrate in accordance with 28 U.S.C. § 636(c). On July 7, 1992, however, Katherine Gilbreath filed a motion to remand the removed action on the ground that the district court lacked subject matter jurisdiction. According to Gilbreath, "[the] action did not arise under Federal law but rather under the laws of the State of Texas."

In the mean time, on January 16, the MSPB had filed a separate enforcement action in the district court pursuant to 5 U.S.C. § 1204(c), naming Katherine and Van Gilbreath[3] and the hospital employees named in the subpoenas as respondents. The

_____

[3] Although the MSPB sought to enforce only the subpoenas issued to the Hospitals, the Gilbreaths were named to protect "their ability to assert their interest in the subpoenaed records."

5

Gilbreaths answered, asserting that the medical documents sought by the subpoenas were not relevant to the MSPB proceedings and that they were privileged under Rule 501 of the Federal Rules of Evidence. The hospital employees also answered, asserting that they were under court order not to release the records. The MSPB also filed a motion to consolidate the proceedings, which was denied because the Gilbreaths did not consent to proceed before a magistrate in the enforcement action. The district court then referred the enforcement action to the magistrate for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

On July 30, 1992, the magistrate issued an order for the respondents to show cause why the subpoenas should not be enforced. The magistrate also ordered the parties to file any papers in opposition to the enforcement petition by August 13, and any dispositive motions along with proposed findings of fact and conclusions of law in both the removed action and the enforcement action by September 21. On August 24, Katherine Gilbreath filed summary judgment motions in both actions. In the removed action, she asserted that the MSPB was "improperly" attempting to assist the DLA to secure evidence against Vance Gilbreath because the board could have "pursued the case" in state court, but instead elected to remove the action. In the enforcement action, Gilbreath argued that the medical records sought by the subpoenas were irrelevant to the MSPB proceedings, that they were privileged under Rule 501, and that disclosure of

6

the information would violate her rights under the Privacy Act of 1974.

On October 9, 1992, the magistrate issued an order setting forth findings of fact and conclusions of law with respect to the removed action. The magistrate concluded that the enforceability of the MSPB subpoenas was a question of federal law, that the subpoenas were issued for a lawful purpose, that the MSPB was within its authority in issuing the subpoenas, and that the information sought was relevant to a matter before the board. The magistrate also concluded that any physician-patient privilege recognized under Texas law did not apply to the MSPB subpoenas, which had been issued under federal statutory authority, and that the Privacy Act did not prevent disclosure of the records. Accordingly, the magistrate denied the pending remand and summary judgment motions, vacated the injunction, and ordered the Hospitals to comply with the subpoenas. The magistrate entered final judgment to that effect in a separate document. Katherine Gilbreath then filed a timely notice of appeal (appeal no. 92-5702).

In the enforcement action, the magistrate set forth the same findings and conclusions in its report and recommendation to the district court. However, the magistrate recommended, rather that ordered, that the pending remand and summary judgment motions be denied, that the injunction be vacated, and that the respondents be ordered to comply with the subpoenas. Katherine Gilbreath objected to the magistrate's report, and, after a de novo review,

7

the district court adopted the report except for the recommendations regarding the motion for remand, which did not apply to the enforcement action. On November 17, 1992, the district court entered a final judgment denying Gilbreath's motion for summary judgment and ordering the respondents to comply with the subpoenas. Gilbreath again filed a timely notice of appeal (appeal no. 92-5750).

In orders dated December 23 and 28, 1992, the district court stayed its own judgment and the judgment entered by the magistrate pending our resolution of these appeals. On January 12, 1993, we granted the MSPB's motion to consolidate appeal no. 92-5702 and appeal no. 92-5750 for disposition by this court.

## II.

Having untangled the procedural web leading to these appeals, we now address the merits. Proceeding on appeal <u>pro</u> <u>se</u>, Gilbreath argues that the original state-court action was not properly removed because the district court, and thus the magistrate judge, lacked subject matter jurisdiction. She also asserts that the judgment entered by the magistrate went beyond the scope of the issues presented to the magistrate. With respect to the enforcement action, Gilbreath argues that the district court lacked subject matter jurisdiction and that the court erred in enforcing the subpoenas because the MSPB was merely on a "fishing expedition." We conclude that these arguments have no merit.

8

Gilbreath first argues that the action she and her son filed in state court was not properly removed because the district court lacked subject matter jurisdiction. Specifically, she asserts that, in filing the state-court action, she and her son "invoked a state law for the purpose of preventing the defendant hospitals from releasing, disclosing or disseminating [their] medical records." Thus, Gilbreath argues, "[t]here was no way the federal court could have obtained original jurisdiction to enforce a state law against defendant hospitals who were and are Texas Corporations."[4] We disagree.

Claims asserted in state court, no matter how they are characterized by the plaintiff, are removable to federal court where the claims are "`necessarily federal in character by virtue of the clearly manifested intent of Congress.'" Brown v. Southwestern Bell Telephone Co., 901 F.2d 1250, 1254 (5th Cir. 1990) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 343, 350 (1988)). In filing the state-court action, the Gilbreaths challenged the enforceability of subpoenas issued by the MSPB, a federal agency, to facilitate its disposition of Vance Gilbreath's appeal from an adverse personnel action by the DLA, also a federal agency. Federal civil service law, as set

---

[4] We note, as did Gilbreath in her brief, that, by failing to move for remand within the thirty-day period prescribed in § 1446, Gilbreath waived any procedural defect in the removal action. See Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1063 (5th Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 193 (1992). However, a waiver of defects does not waive the fundamental requirement of subject matter jurisdiction. Id.

forth in Title 5 of the United States Code, governs every aspect of that administrative proceeding. See Rollins v. Marsh, 937 F.2d 134, 139-40 (5th Cir. 1991) (civil service law provides the exclusive procedures for settling work-related disputes between federal civil-service employees and the federal government and preempts any state-law remedies). Moreover, the subpoenas challenged by the Gilbreaths were issued under the authority of a federal statute. See 5 U.S.C. § 1204(b)(2)(A) (Supp. III 1991). The same statute expressly confers jurisdiction upon the district court to enforce the subpoenas. See id. at (c). The Gilbreaths therefore could have, indeed should have, filed their action challenging the enforceability of the MSPB subpoenas in federal district court. Consequently, the action was properly removed to the district court. See Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1063 (5th Cir.) (when a plaintiff challenges removal on jurisdictional grounds, the issue is whether the district court would have had jurisdiction over the case had it originally been filed in federal court), cert. denied, ___ U.S. ___, 113 S.Ct. 193 (1992).

Gilbreath also argues that the judgment entered by the magistrate went beyond the scope of the issues properly before the magistrate. Specifically, she contends that the only issue before the magistrate was whether the action was properly removed to federal court. Again, we disagree.

Gilbreath and her son filed a state-court action challenging the enforceability of the MSPB subpoenas. After the state court

10

granted an injunction, the MSPB intervened, moved to vacate the injunction, and then removed the action to federal court.  All parties, including Gilbreath, consented to have the magistrate judge "conduct any and all proceedings in the case, including the trial, and order the entry of judgment."  The magistrate was therefore acting within his authority to fully dispose of the action on its merits, which necessarily entailed not only deciding the removal issue but also deciding whether the injunction should stand and whether the subpoenas should be enforced.

B.

With respect to the enforcement action, Gilbreath again asserts that the district court lacked subject matter jurisdiction.  As noted, supra, the same federal statute that authorizes the MSPB to issue subpoenas expressly provides that the board may seek enforcement of the subpoenas in the district court.  See 5 U.S.C. § 1204(c).  Gilbreath's jurisdictional argument therefore must fail.

Gilbreath also makes a somewhat unfocused argument that the district court erred in ordering the enforcement of the subpoenas.  The only substantive argument she presents, however, is that the subpoenas should not be enforced because the MSPB is merely on a "fishing expedition in an attempt to justify the removal action taken [by the DLA against] Vance H. Gilbreath in March 1991."  Needless to say, this argument fails to persuade us.

11

As the district correctly observed, when reviewing an administrative subpoena, a district court plays a "strictly limited" role. Sandsend Financial Consultants v. Federal Home Loan Bank Bd., 878 F.2d 875, 879 (5th Cir. 1989). The court's inquiry is limited to two questions: (1) whether the investigation is for a proper purpose and (2) whether the documents the agency seeks are relevant to the investigation. Id. Here, the district court found that the subpoenas in question meet the enforcement criteria. Gilbreath has offered nothing to persuade us that the district court reached the wrong conclusion.

The district court also correctly held that Gilbreath cannot block the release of her medical records by invoking the physician-patient privilege recognized under Texas law. This is a federal case in which the MSPB is seeking to enforce subpoenas issued under federal statutory authority. Gilbreath's right to assert a privilege is therefore dictated by federal law. United States v. Moore, 970 F.2d 48, 49-50 (5th Cir. 1992); see also FED.R.EVID. 501. This court has previously concluded that there is no physician-patient privilege under federal law. See Moore, 970 F.2d at 50 (citing cases).

Finally, we note that Gilbreath's assertion that the release of her medical records will constitute a violation of the Privacy Act of 1974 (the Act) is unfounded. The respondent Hospitals are not covered by the Act because they are not "agencies" of the federal government within the meaning of the Act. See 5 U.S.C. §

12

552(f).  Moreover, the Act expressly authorizes disclosure of information "pursuant to the order of a court of competent jurisdiction."  See 5 U.S.C. § 552a(b)(11).

### III.

For the foregoing reasons, we AFFIRM the judgments of the magistrate judge (appeal no. 92-5702) and the district court (appeal no. 92-5750), and we VACATE the stay of those judgments imposed by the district court pending our disposition of the appeals.