**Maria Teresa LOZADA, Plaintiff,**

**v.**

**REGAL WARE, INC. and Kitchen Fair, Defendants.**

**No. EP–07–CV–448–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

July 2, 2008.

Jose Padilla Lopez, Law Office of Joe P. Lopez IV, El Paso, TX, for Plaintiff.

Mark D. Downey, Sepncer Crain Cubbage Healy & McNamara PLLC, Dallas, TX, Rodolfo Mata, Rodolfo Mata, P.C., El Paso, TX, for Defendants.

### MEMORANDUM OPINION AND OR-DER DENYING PLAINTIFF'S MO-TION REURGING MOTION TO RE-MAND

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Maria Teresa Lozada's ("Plaintiff") "Motion Re–Urging Motion to Remand," filed on April 3, 2008; Defendants Regal Ware Inc. and Kitchen Fair's ("Defendants") "Response in Opposition to Plaintiff's Motion to Remand," filed on April 14, 2008; and Plaintiff's "Reply to the Defendants' Response to Plaintiff's "Motion to Re–Urge Motion to Remand," filed on April 24, 2008, in the above-captioned cause.[1] After due consideration, the Court is of the opinion that Plaintiff's Motion should be denied for the reasons set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff asserts a claim for wrongful termination in violation of Title VII of the Civil Rights Act, codified at 42 U.S.C.

---

1. Plaintiff filed her Original Petition in the 210th Judicial District Court of El Paso County, Texas. Defendants removed the case to the United States District Court for the Northern District of Texas ("Northern District"). Plaintiff filed a "Motion to Remand" in that court, seeking remand because (1) the district court lacked subject matter jurisdiction, and (2) the Northern District was not the proper district for removal. Judge McBryde of the Northern District issued an order partially granting Plaintiff's Motion insofar as Defendants improperly removed the case to the Northern District, and transferred the case to the United States Court for the Western District of Texas. In the instant Motion, Plaintiff re-urges the portion of her Motion to Remand that has yet to be ruled on; that is, whether the Court has subject matter jurisdiction.

§§ 2000e *et seq.,* and state law claims for negligence, invasion of privacy, intentional infliction of emotional distress, and gross negligence. Org. Pet. 5–10. In the instant Motion, she seeks a remand of her state law claims on the basis that the Court lacks subject matter jurisdiction over them. Mot. to Remand ¶¶ 7–13.

## II. LEGAL STANDARD

■ A party may remove an action to federal court if the action is one over which the federal court has subject matter jurisdiction. 28 U.S.C. § 1441(a). The jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001). As such, there is a presumption against the existence of federal jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* The removing party must establish "that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

■ A district court shall remand a case "if the court lacks subject matter jurisdiction over the case, or on timely motion if there is a defect in the removal procedure." *Buchner v. FDIC,* 981 F.2d 816, 819 (5th Cir.1993). Any doubts as to the propriety of removal jurisdiction should be construed in favor of remand. *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.2000).

## III. ANALYSIS

### A. Waiver

■ Defendants argue that the instant Motion is untimely because Plaintiff filed it more than thirty days after Defendants removed the case to federal court. Resp. 2. They also argue that Plaintiff has waived her right to seek remand because prior to re-urging her Motion to Remand, she filed a Motion for Leave to Amend her Complaint, which the Court granted. *Id.*

■ While a party may waive its right to remand based on a procedural defect in the removal process,[2] it may not waive its right to remand for lack of subject matter jurisdiction. *See Buchner,* 981 F.2d at 821 ("Subject matter jurisdiction can neither be conferred nor destroyed by the parties' agreement or waiver."); *Gilbreath v. Guadalupe Hosp. Found.,* 5 F.3d 785, 789 n. 4 (5th Cir.1993) ("[A] waiver of defects does not waive the fundamental requirement of subject matter jurisdiction."). A party may move for remand for lack of subject matter jurisdiction "at any time before final judgment." *Williams v. AC Spark Plugs Div. of General Motors Corp.,* 985 F.2d 783, 786 (5th Cir.1993).

In the instant action, Plaintiff argues that the Court lacks subject matter jurisdiction over her state law claims.[3] Insofar as she challenges jurisdiction, Defendants' arguments regarding waiver are without merit.

### B. Subject Matter Jurisdiction

Plaintiff argues that remand is necessary under 28 U.S.C. § 1367 because the

**2.** *See Sherrod v. Am. Airlines,* 132 F.3d 1112, 1117 (5th Cir.1998) (holding that a party waives remand on the basis of a procedural defect by filing a motion to remand more than thirty days after the case is removed); *Johnson v. Odeco Oil & Gas Co.,* 864 F.2d 40, 42 (5th Cir.1989) (holding that a party waives remand by undertaking affirmative conduct in federal court, such as participating in discovery or filing an amended complaint).

**3.** Neither party disputes the Court has original jurisdiction over Plaintiff's Title VII claim pursuant to 28 U.S.C. § 1331, which sets forth federal question jurisdiction.

Court lacks subject matter jurisdiction over her state law claims. Mot. to Remand ¶ 11. Defendants argue that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims "stem from . . . the same facts upon which [Plaintiff] bases her federal claim[ ]." Resp. 5.

■ Contrary to Plaintiff's assertion, § 1367 sets forth the Court's ability to exercise supplemental jurisdiction over claims for which it lacks original jurisdiction; it does not provide grounds for remand. Remand, rather, is governed by 28 U.S.C. §§ 1441(c) and 1447(c). *Buchner,* 981 F.2d at 820. Accordingly, the Court will first determine whether it has jurisdiction over Plaintiff's state law claims, and then whether remand is proper according to the provisions of §§ 1441(c) and 1447(c).

### 1. Supplemental Jurisdiction

■ Section 1367 vests the district court with "supplemental jurisdiction over all other claims that are so related to claim in the action within [which the district court has] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it had original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* at § 1367(c).

In her Original Petition, Plaintiff alleges that Defendants engaged in unlawful employment practices, including "subjecting the plaintiff to a hostile work environment and by [sic] subjecting her to egregious harassment because of her gender, race, and age," and retaliating against her after she "complained of discrimination and [a] hostile work environment." Org. Pet. 5–6. These allegations, which form the basis of her Title VII claim, are also central to her state law claims. Plaintiff alleges negligence insofar as Defendants breached their duty to prevent the alleged discrimination and harassment. *Id.* at 8. She premises her invasion of privacy claim on allegations that Defendants, by and through their employees, invaded her solitude by intentionally making harassing and inappropriate comments. *Id.* at 8–9. Her claim for intentional infliction of emotional distress is also based on the alleged misconduct. *Id.* at 9–10. Thus, the Court finds that the alleged discriminatory conduct is the common nucleus of operative fact for Plaintiff's federal and state claims, and concludes that the claims are so related that they form part of the same case and controversy. Accordingly, the Court holds that it has supplemental jurisdiction over Plaintiff's state law claims, and none of the grounds enumerated in § 1367(c) for declining supplemental jurisdiction exist.

### 2. Remand Pursuant to 28 U.S.C. 1441(c)

Section 1441(c) provides:

[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 [federal question jurisdiction] is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

■ Given that the Court has federal question jurisdiction over Plaintiff's Title VII claim, § 1441(c) enabled Defendants to

remove the entire case, including the state law claims, and the Court has the discretion to remand all matters in which state law predominates. *See Buchner*, 981 F.2d at 819 ("[I]f a case is removed from state court on the basis of federal question jurisdiction and that case also includes state law claims, § 1441(c) allows the district court to decide the entire case or, in its discretion, to remand all matters in which state law predominates.").

As set forth above, Plaintiff's federal and state law claims are so related that they form part of the same case or controversy. Based on the commonality of fact issues, the Court finds that the state law claims do not predominate. "[A]s § 1441(c) authorizes the federal district court to remand only those matters in which state law predominates, th[e] discretionary remand provision [in § 1441(c) ] is inapplicable to the instant action." *Buchner*, 981 F.2d at 819. Accordingly, the Court declines to remand under § 1441(c).

### 3. Remand Pursuant to 28 U.S.C. § 1447(c)

Section 1447(c) provides that a court must remand a case "if at any time before final judgment it appears that [it] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). As set forth *supra*, the Court has federal question jurisdiction over Plaintiff's Title VII claim and supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the Court concludes that subject matter jurisdiction exists over the instant action, and that remand under § 1447(c) is not required.

## IV. CONCLUSION

In conclusion, the Court finds that no ground for remand as set forth in § § 1441(c) and 1447(c) is applicable in the instant action, and holds that Plaintiff's Motion to Remand should be denied.

Accordingly, **IT IS ORDERED** that Plaintiff's Maria Teresa Lozada's "Motion Re–Urging Motion to Remand" (Docket No. 29) is **DENIED**.