Paul **TYNER**, Plaintiff,

v.

**CITY OF JACKSON, MISSISSIPPI, Ronald Pitts, Dennis Froshour, Richard Seavey, Daniel Norton, and Charles M. Foreman, Defendants.**

Civ. A. No. J84–0325(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

April 12, 1985.

Isaac K. Byrd, Jr., Bob Owens, Owens & Byrd, Fred Banks, Banks & Nichols, Jackson, Miss., for plaintiff.

Tim Hancock, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before this Court on Application for Review of the Order of the United States Magistrate denying Plaintiff's Motion to Compel discovery of the investigative reports and files of the Internal Affairs Division of the City of Jackson Police Department relating to Plaintiff's arrest and the alleged excessive use of force by the individual Defendant police officers in that arrest and in prior arrests. Plaintiff sought review of the subject material by having issued a subpoena duces tecum to James Black, Chief of Police, City of Jackson, Mississippi. Chief Black, through his attorney, Tim Hancock (who is also the attorney for all the Defendants in this action) objected to the disclosure of all materials pertaining to any investigative reports or materials which are part of the Internal Affairs Division investigative procedure for the City of Jackson Police Department.

Plaintiff seeks damages from the City of Jackson and from the individual police officers under 42 U.S.C. § 1983 and alleges that the City of Jackson has a policy condoning or requiring the excessive use of force by its police officers. Chief Black's objection is grounded upon executive privilege. Such a privilege is a governmental privilege which should be invoked only in extreme circumstances, and which requires, in this case, a general balancing of interests. *See Brown v. Thompson,* 430 F.2d 1214 (5th Cir.1970). The Court notes that there has been no *in camera* review by this Court or by the United States Magistrate below, thus the policy considerations to be weighed are also general. This Court has considered Chief Black's argument that the disclosure of internal affairs investigative files will hamstring internal affairs investigative efforts by reducing the willingness of police officers and civilians from cooperating with such investigative procedures.

However, greater general policy considerations are involved in this type of case. A basic function of federal courts is to facilitate the ascertainment of truth in resolving disputes. There can be no question that the internal investigation report conducted with regard to the Plaintiff's arrest is highly relevant to the issues in this case. In light of this Circuit's explanation of the potential for Section 1983 liability of municipalities,[1] this Court does not find overwhelming Black's citation to *Tigges v. Cataldo,* 611 F.2d 936 (1st Cir.1979), and is of the opinion that investigative reports regarding other similar incidents involving any of the individual defendant police officers are also either relevant or will lead to the discovery of admissible evidence. (However, there may be reason that such discovery be subjected to a protective order limiting plaintiff's use of the discovery.)

---

1. See, e.g., *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Hindman v. City of Paris,* 746 F.2d 1063 (5th Cir.1984); *Webster v. City of Houston,* 735 F.2d 838 (5th Cir.1984); *Bennett v. City of Slidell,* 728 F.2d 762 (5th Cir.1984).

The potential damage to the integrity of the police department's internal affairs procedures in this case does not appear to be as great as Chief Black urges. Furthermore, the interests of justice dictate that the Plaintiff should have an opportunity to review highly relevant matters in an effort to discern whether he has obtained all relevant facts, and whether there are sufficient facts to support his Section 1983 claim against the City of Jackson.

The discovery sought in this case serves both functions of the federal discovery procedures. First, if there are insufficient facts to support the Plaintiff's Section 1983 claim against the City of Jackson, then that issue will be eliminated. Second, the facts which have been collated by persons on the public payroll, for the benefit of the public, on occasions quite near in time to the alleged misconduct of the police officers, are facts which are relevant to Plaintiff's claims against the individual police officers and the City of Jackson. The apparent trend in this country is to permit disclosure of law enforcement departments' internal affairs investigative reports and files.[2]

▪ Accordingly, this Court is of the opinion that as a general rule a plaintiff alleging unconstitutional misconduct by police officers and a municipal policy condoning such alleged misconduct is entitled to discovery of the internal affairs investigations conducted by the police department regarding the incident of which he complains and regarding other similar incidents involving the police department or the individual police officers about whom plaintiff complains.

Of course, in some cases, extraordinary circumstances may dictate an appropriate limited or full protective order. However, only in the rarest of cases will it be appropriate to indefinitely deny discovery of such internal affairs investigative files. This Court is of the opinion that one possible exception to this general rule may be when the internal affairs investigative report involves an open criminal investigation. However, even in such a case, the discovery should not be forever denied; it may only be denied, if at all, during the time the criminal investigation is on-going.

Finally, the court through its own efforts, notes that in *Bush v. Bradford*, Civil Action No. J83–0683(B), this Court addressed a very similar question to the one now being addressed by the Court. In *Bush v. Bradford*, Plaintiff sought damages for an alleged beating by a City of Jackson police officer and Plaintiff's counsel attempted discovery, by subpoena duces tecum of non-party Chief of Police Black of materials contained in a City of Jackson Police Department Internal Affairs Division investigative file. Black, through the Defendant's attorney, Tim Hancock, objected to production of the Internal Affairs Division investigative files on the ground that their content is privileged and confidential. The Magistrate denied Plaintiff's Motion to Compel. On Application for Review of the Magistrate's Order, this Court, after balancing the competing general interests, held that the state's compelling interest in ascertaining the truth outweighed the police officers' expectation of privacy with regard to their work as police officers. Accordingly, this Court overruled the almost identical decision by the Magistrate in *Bush v. Bradford.*

Based upon the reason set forth above, this Court holds the findings of fact of the United States Magistrate are clearly erroneous and the conclusions of law based thereon or which are otherwise contained in the subject Order of the United States Magistrate to be contrary to the law. Accordingly, the United States Magistrate's Order denying Plaintiff's Motion to Compel Discovery should be and is hereby overruled. Furthermore, the objections raised by Black to Plaintiff's subpoena duces tecum are hereby denied.

---

2. See, e.g., *Brown v. Thompson,* 430 F.2d 1214 (5th Cir.1970); *Swanner v. United States,* 406 F.2d 716 (5th Cir.1969); *Denver Policemen's Protective Association v. Lichtenstein,* 660 F.2d 432 (10th Cir.1981); *Wood v. Breier,* 54 F.R.D. 7 (E.D.Wis.1972). Contra. *Ballard v. Terrak,* 56 F.R.D. 45 (E.D.Wis.1972).