WILLIAMS, Judge.
Relators seek writ of certiorari and/or review as to three orders issued in the trial court’s judgment of September 28, 1988. To wit, relators contend that the trial court abused its discretion by enjoining all parties from disclosing information obtained in discovery except as to expert witnesses, by limiting discovery of the personnel files of *992 certain church employees, and by quashing the subpoena duces tecum pertaining to the medical records of Father Prinz. For the reasons subscribed, we grant certiorari and issue an order only as to the portion of the September 28, 1988 judgment pertaining to the injunction.
I.INJUNCTION
Relators claim the district court abused its discretion by enjoining “all parties to this litigation, including their agents, employees and attorneys from disclosing any document or information obtained by discovery in connection with this litigation to anyone not a party or an attorney of record involved in this suit, excluding expert witnesses employed for this suit”, because the parties had not requested the injunction and because the court exceeded its authority to issue protective orders under LSA-C. C.P. art. 1426. We find the trial court did not exceed its authority by issuing the injunction. However, due to the procedural deficiencies surrounding the issuance of the order, we vacate the injunction and remand the matter to the trial court for a contradictory hearing consistent with this order.
The provisions in LSA-C.C.P. art. 1631, that the trial court “has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done”, is a partial restatement of the court’s inherent judicial authority and power of supervision. LSA-Const. Art. II; Art. V, §§ 1, 2; LSA-C.C.P. art. 1631; Economy Carpets Mfrs. & Dist., Inc. v. Better Bus. Bur., 330 So.2d 301, 304 (La.1976); see also LSA-C. C.P. art. 191. Unquestionably, this power and authority furnishes grounds for the issuance of protective orders to assure the fair administration of justice under proper circumstances. Economy Carpets Mfrs. & Dist., Inc. v. Better Bus. Bur. Etc., 319 So.2d 783, 785 (La.1975). However, protective orders “... like all rulings, orders, decrees and judgments issued by courts of law must be based upon record evidence. Orders of court except in the case of authorized exparte orders, must be predicated upon evidence introduced into the record, affording ample opportunity to those affected thereby to contradict, rebut and otherwise support their position in the matter ...”. Economy Carpets Mfrs. & Dist., Inc. v. Better Bus. Bur. Etc., 319 So.2d at 786; Plaquemines Parish Com’n. v. Delta Dev. Co., 472 So.2d 560, 564 (La.1985).
Thus, due to the absence of notice to the parties, an adversary hearing on the issue, and evidence in the record supporting the injunction ordered by the trial judge, the injunction was improperly issued. The portion of the protective order dated September 28, 1988 pertaining to the injunction is, therefore, vacated and the matter is remanded to the trial court for a proceeding consistent with this order.[1]
II. PERSONNEL FILES
In regard to their attempt to discover the complete personnel files of Father Prinz, Monsignor Koninky, Father Coyne, and Bishop Boudreaux, relators assert the trial court abused its discretion by granting defendants a protective order, pursuant to LSA-C.C.P. art. 1426, because defendants failed to show sufficient good cause supporting the issuance of the order. We find relators’ arguments meritless.
Without a showing that the trial court committed grave error by issuing the order, reviewing courts will not set a protective order aside. Vallery v. Olin Corp., 337 So.2d 631 (La.App.3d Cir.1976). Consequently, as relators have failed to show grave error was committed by the court limiting the scope of discovery of the specified personnel files, we deny writ as to that portion of the September 28, 1988 judgment.
III. PHYSICIAN — PATIENT PRIVILEGE
Relators’ final contention is the trial court abused its discretion in granting defendants’ motion to quash the subpoena, which resulted in denying relators discovery of Father Prinz’s medical records. Relators contend the physician-patient pri *993 vilege of Father Prinz has been waived pursuant to LSA-R.S. 14:403(F) so that Father Prinz’s medical records held by Os-chner Hospital, Oschner Clinic and Dr. Rudolph Ehrensing are discoverable. We disagree and find this claim without merit.
The legislature has given no indication that it intended to extend the language of criminal statute LSA-R.S. 14:403(F) to include within its purview a civil action for damages. Moreover, even if the statute’s use of the term “any proceedings” includes civil actions, the language of LSA-R.S. 14:403 and the words employed show the legislature did not intend for the statute to apply to situations where a civil plaintiff is attempting to pierce the privileged communications made between a physician and the alleged abuser of the plaintiffs’ alleged abuser.
Contrary to relators’ assertions, the rule regarding privileged communications between a physician and his patient where the testimony of the attending physician is sought during a civil action are set forth in LSA-R.S. 13:3734(B). In accordance with that provision, Father Prinz has a privilege to refuse to disclose and to prevent his health care providers from producing his medical records. Consequently, writ is denied as to the portion of September 28, 1988 judgment pertaining to the Motion to Quash.
WRIT GRANTED WITH ORDER IN PART AND DENIED IN PART

. We hasten to remind counsel of their obligations as set forth in Rules of Professional Conduct, Rule 3.6, regarding Trial Publicity. LSA-R.S. Title 37.