**Winton D. HISAW**

v.

**UNISYS CORPORATION.**

**Consolidated With**

**EQUAL EMPLOYMENT OPPORTUNITY COMM.**

v.

**UNISYS CORPORATION.**

**Civ. A. Nos. 89–1614, 89–1663.**

United States District Court, W.D. Louisiana, Lafayette–Opelousas Division.

Jan. 18, 1991.

Richard J. Deaguero, Sr. Trial Atty., Barbara D. Brice, Trial Atty., Michelle T. Butler and Kathryn H. Colbert, Sr. Trial Atty., E.E.O.C., New Orleans, La., for E.E.O.C.

McGlinchey, Stafford, Mintz, Cellini & Lang, Ralph J. Zatzkis, Anita T. Lechner, New Orleans, La., for Unisys Corp.

## RULING ON PLAINTIFF'S MOTION TO COMPEL AND MOTION IN LIMINE

MILDRED E. METHVIN, United States Magistrate Judge.

Plaintiff, Equal Employment Opportunity Commission (EEOC), seeks to compel deposition testimony and identification of documents by various deponents, employees or former employees of defendant, Unisys Corporation (Unisys). EEOC also seeks a ruling *in limine* as to future deposition testimony. Defendant Unisys Corporation opposes both motions.

This dispute arose at the onset of the depositions of Thomas Beckett, Frank Donlon, John Bush and Royce Leonard when in each case counsel for the EEOC asked the deponent (1) if the deponent had spoken with anyone in preparation for the deposition and (2) if the deponent had examined any documents in preparation for the deposition. Defendant objected strenuously to the questions. Although the parties did try to contact a judge to settle the dispute, neither Judge Scott nor I was available. Following the depositions, the plaintiff filed this motion *in limine* and motion to compel.

■ Defendant claims that the information sought by plaintiff from defendant's employees is protected from disclosure by the attorney work-product doctrine as articulated by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and codified in Federal Rule of Civil Procedure 26(b)(3). Rule 26(b)(3) protects against the discovery by an adverse party of ordinary work-product—work created in anticipation of litigation—unless the adverse party demonstrates "substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Nevertheless, the "court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id.* Hence, ordinary work-product is discoverable only upon a showing of substantial need and opinion work-product is never discoverable.

Defense counsel precluded all but one of the deponents from even disclosing whether the deponent had prepared for the deposition.

As a general rule, instructions not to answer questions at a deposition are improper. Rule 30(c) provides that "evidence objected to shall be taken subject to objection." The only exceptions to this rule are questions which seek information in the form of trade secrets and privileged information. Even in the case of questions of this type, it is the duty of the attorney instructing the witness not to answer to immediately seek a protective order. *See* Rules 30(d), 26(c); *Nutmeg Insurance Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504 (W.D.La.1988); *International Union of Electrical, Radio and Machine Workers v. Westinghouse Electric Corporation*, 91 F.R.D. 277 (D.D.C.1981); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173 (D.Mass.1985). The party claiming the privilege must demonstrate the potential harm which would result from disclosure. In the absence of a showing of some serious harm likely to result from responding to any given question, the policy of Rule 30(c) prevails and requires that the answers be given. *Nutmeg, supra,* 120 F.R.D. at 508.

Counsel for Unisys did not file a motion for protective order pursuant to Rule 30(d) or Rule 26(c) either in the district where the deposition was being taken or in this court. Rather, counsel unilaterally directed the witness not to answer and left it to

plaintiff, EEOC, to bring the matter before the court in the form of a motion to compel. This course of conduct was improper and in violation of the Federal Rules of Civil Procedure. For this impropriety alone, I am inclined to grant the plaintiff's motion to compel.

However, in order to preclude the defendant's further abuse of the discovery process, I will address the contentions raised by the defendant in its opposition to the plaintiff's motion to compel. Defendant claims that the documents examined by the witnesses are attorney work-product by virtue of the selection process utilized by the attorney in gleaning those particular documents from the documents already produced to the plaintiff.

■ The burden of proving the attorney-client or work-product privileges rest on the party claiming the privilege. The mere allegation that a document or group of documents constitutes work-product is insufficient. A clear showing must be made by the party claiming the privilege which sets forth the items or categories objected to and the reason for that objection. *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540 (10th Cir.1984), *cert. denied,* 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985); *United States v. Bump,* 605 F.2d 548 (10th Cir.1979); *Nutmeg Insurance Company v. Atwell, Vogel & Sterling,* 120 F.R.D. 504 at 510 (W.D.La.1988).

■ Defendants cite a litany of cases from other Circuits which support their contention that the selection process involved in obtaining the documents is itself covered by the work-product privilege as representing the mental impressions and trial strategies of the defense attorneys. Beyond this refrain defendant has failed to establish through any evidence or information precise facts which exist to support the claim of attorney work-product protection.

As for the disclosure of the names of the persons with whom the deponents spoke in preparation for the deposition, the names of these persons are clearly discoverable under F.R.C.P. 26. Rule 26 reads in pertinent part:

> Parties may obtain discovery regarding any manner, not privileged, which is relevant to the subject matter involved in the pending action whether it relates to the claim or defense of the party seeking discovery or to the claim or the defense of any other party including the existence ... and the identity and location of persons having knowledge of any discoverable matter.

Again, the defendants have not and probably could not demonstrate any reason why the identity of persons with whom the deponents prepared for the depositions should be considered privileged information.

For future depositions, the following guidelines shall apply:

(1) Counsel may inquire into the identity of any persons with whom a deponent conferred in preparation for his or her deposition. F.R.C.P. 26(b)(1).

(2) Such inquiry may not, however, include questions which tend to elicit specific questions posed to the witness by any counsel involved in this litigation, the generalized inquiry pursued by counsel, the facts to which counsel appeared to attach significance, or any other matter that reveals counsel's mental impressions concerning the case.

(3) Any party challenging the production of documents reviewed by a witness in preparation for a deposition must file a motion for protective order pursuant to Rule 30(d). Counsel is further advised that the rule in the Fifth Circuit under *In Re International System and Controls Corp.,* 693 F.2d 1235 (5th Cir.1982) is that even where work-product immunity protects the documents themselves, the underlying facts are discoverable.

For the foregoing reasons, IT IS HEREBY ORDERED that the Equal Employment Opportunity Commission's motion to compel and motion *in limine* be GRANTED in accordance with the discussion above.

Plaintiff's request for costs associated with reconvening the deposition is DENIED.