Brenda Ann "Lindsey" **WILSON**

v.

**MARTIN COUNTY HOSPITAL DISTRICT, Robert D. Smith, and the Methodist Hospital of Lubbock, Texas.**

No. MO–92–CA–177.

United States District Court,
W.D. Texas,
Midland–Odessa Division.

July 8, 1993.

Gerald K. Fugit, Odessa, TX, for plaintiff.

Jack Tidwell, Scott Tidwell, McMahon, Tidwell, Hansen, Atkins & Peacock, P.C., Odessa, TX, for defendant.

1. The plaintiff's own personnel file has been produced and tendered by the defendants to the

## MEMORANDUM ORDER

GUIROLA, United States Magistrate Judge.

BEFORE THE COURT is Plaintiff BRENDA ANN "LINDSEY" WILSON'S Motions to Compel, Motions for Sanction and/or Motions to Strike Pleadings and the Responses of the Defendants, MARTIN COUNTY HOSPITAL and ROBERT D. SMITH. After consideration of said motions and responses, pleadings on file, arguments and briefs of counsel the Court finds as follows:

### FACTS

BRENDA ANN "LINDSEY" WILSON'S complaint alleges she was wrongfully discharged from her position with the Martin County Hospital. She has alleged causes of action under Title VII of the Civil Rights Act of 1964 as well as a pendent state claim pursuant to Article 6252–16(1)(a) of the Texas Revised Civil Statutes; commonly referred to as the "Whistle Blowers Statute".

While numerous instances of inappropriate remarks and interruptions are cited in plaintiff's motions, the primary issue centers around the defense counsel's instruction to witnesses not to answer certain questions propounded by plaintiff.

During depositions, counsel for the plaintiff attempted to elicit information from the witnesses concerning "personnel matters". When these questions were asked defense counsel objected and instructed the witnesses not to answer. The defendants contend that the objections and instructions not to answer were necessary to preserve matters which are confidential or privileged. Defendants argue that matters which relate to hospital personnel decisions or which are contained in their personnel files are confidential and are not subject to discovery.[1] In addition defendants argue that some questions asked by plaintiff seek information about medical records contained in Martin County Hospital files. A disclosure of medical records relating to patients or employee/patients of Mar-

plaintiff.

tin County Hospital would, according to defendants, violate the doctor-patient privilege.

Plaintiff seeks an order to compel the defendant, ROBERT D. SMITH, and additional witnesses to answer questions propounded at the deposition and not subsequently answered. The award of costs and fees pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure is not before the Court.[2]

*Instructing Witnesses Not To Answer During Deposition*

██ As a general rule, instructions not to answer questions at a deposition are improper. Rule 30(c) provides that "evidence objected to shall be taken subject to objection." The only exceptions to this rule are questions which seek information in the form of trade secrets and privileged information. Even in the case of questions of this type, it is the duty of the attorney instructing the witness not to answer to immediately seek a protective order. *Hisaw v. Unisys Corp.*, 134 F.R.D. 151 (W.D.La.1991). Rule 30(d), F.R.Civ.P. provides in part: "At any time during the taking of a deposition, on the motion of a party ... and upon a showing that the examination is taken in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope or manner of taking the deposition as provided in Rule 26(c). *Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.*" (emphasis added)[3] In this case counsel for the defendants failed to seek a protective order and left it to plaintiff to bring the matter before the court in the form of a motion to compel.

Plaintiff's motions to compel are well taken, however defendants have raised legitimate issues of confidentiality and privilege. These issues are addressed in an effort to further guide the litigants during discovery.

*Confidentiality of Hospital Personnel Files*

██ The imposition of unnecessary limitations on discovery is especially frowned upon in Title VII cases. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983). The controlling case on the discoverability of personnel file contents is *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir.1991). *Coughlin* involved a claim of wrongful discharge in retaliation for the plaintiff's political association. While WILSON's claim alleges discharge due to sex and age the *Coughlin* analysis applies. To rebut the assertion of a permissible reason for her discharge, WILSON must prove that the asserted reason was no more than a pretext. As in *Coughlin,* all or parts of these personnel files can be central to plaintiff's effort to prove pretext and are therefore subject to disclosure.

*Medical Records/Doctor–Patient Privilege*

██ Defendants contend that answers to questions relating to medical records of patients or employee/patients of the Martin County Hospital are privileged and not subject to discovery.

██ When considering a federal claim, federal courts apply federal common law, rather than state law, to determine the existence and scope of a privilege. *Garner v. Wolfinbarger,* 430 F.2d 1093 (5th Cir.1970). There is no doctor-patient privilege under federal law. *U.S. v. Moore,* 970 F.2d 48 (5th Cir.1992). However, the federal courts may consider state policies supporting a privilege in weighing the patient's interest in confidentiality. *Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir.1991). Article V, Rule 509 of the Texas Rules of Civil Evidence recognizes the physician-patient privilege. Under Texas law confidential communications between physician and patient, relative to or in connection with any professional services are privileged and may not be disclosed. Additionally, records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and

---

**2.** The parties have agreed by stipulation that each side will bear its own costs and expenses.

**3.** *See also* Rule 26(c) F.R.Civ.P.

may not be disclosed. In balancing the interests of patients or employee/patients in the confidentiality of their medical records against the interest of the plaintiff in obtaining these records, the patients prevail. The court fails to see how disclosure of medical records pertaining to patients or employee/patients are necessary to the prosecution of plaintiff's constitutional and state law claims. However, witnesses should be circumspect in asserting the physician-patient privilege, for the burden to show that the proponent of a privilege is entitled to protection falls squarely upon the party asserting the privilege. *See Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et al.,* 120 F.R.D. 504 (W.D.La.1988); *See also Batson v. Rainey,* 762 S.W.2d 717 (Tex.App.1988).

IT IS THEREFORE ORDERED AND ADJUDGED, that the Motions of the Plaintiff, BRENDA ANN "LINDSEY" WILSON, filed June 26, 1993 and July 1, 1993 should be and are hereby consolidated for purposes of hearing and ruling by the court.

IT IS FURTHER ORDERED AND ADJUDGED, that the Plaintiff. BRENDA ANN "LINDSEY" WILSON'S Motions to Compel should be, and are hereby GRANTED as hereinafter set forth, to wit:

a) The plaintiff will be permitted to resume ongoing depositions or re-depose Robert D. Smith, Rosemary Sanchez, Terry Dill, Todd Mathis and Ginger Barnhill.

b) The scope of the above depositions will be limited to matters not previously answered and follow-up questions that are occasioned by the deponents response.

IT IS FURTHER ORDERED AND ADJUDGED, that the deposition of the defendant, ROBERT D. SMITH shall be conducted in Odessa, Texas or at any other place mutually agreed upon by the parties.

IT IS FURTHER ORDERED AND ADJUDGED, that all additional relief requested by plaintiff is DENIED.

SO ORDERED AND ADJUDGED.