**ECKSTEIN MARINE SERVICE, INC., Plaintiff,**

**v.**

**M/V BASIN PRIDE, Basin Offshore, Inc., Basin Marine, Inc., Christiania General Insurance Corp. of New York, Defendants,**

**v.**

**ANGLO AMERICAN INSURANCE CO., LTD., Third–Party Defendant.**

**Civil Action No. 95–0294.**

United States District Court, W.D. Louisiana, Lafayette–Opelousas Division.

July 10, 1996.

John Francis Young, Jr., Thomas A. Rayer, Young & Assoc., New Orleans, LA, for Eckstein Marine Service, Inc., Anglo American Insurance Co., Ltd.

Alan K. Breaud, Breaud & Lemoine, Lafayette, LA, for M/V Basin Pride, its engines boilers tackle apparel & furniture etc. in rem, Basin Offshore, Inc., Basin Marine Inc., Christiania General Insurance Corp. of New York.

*MEMORANDUM RULING*

METHVIN, United States Magistrate Judge.

Before the court is a motion to compel filed by plaintiff Eckstein Marine Service, Inc. on

May 10, 1996 (Rec.Doc. 54). By order dated June 25, 1996, oral argument on the motion was canceled, and defendants were ordered to produce the disputed personnel file to the undersigned for an *in camera* inspection. Having conducted the inspection, I conclude that plaintiff's motion to compel should be granted.

This litigation arises out of a collision on February 18, 1994 between plaintiff's vessel, the M/V Ryan Patrick, and the defendants' vessel, the M/V Basin Pride, on the Intracoastal Waterway at Rollover Bay, Texas. Larry Yates was the pilot of the M/V Basin Pride at the time of the collision. Yates' whereabouts are unknown, despite attempts by both parties to locate him.

Plaintiff contends that the collision was caused by Yates' failure to adhere to the vessels' passage agreement, and that his negligence caused the collision. In the course of discovery, plaintiff learned that Yates had a post-accident drug screen which was positive for marijuana, and that Basin Marine subsequently fired Yates. Plaintiff also learned that Yates was terminated by Basin Marine several years prior to the collision for drug use, but was later rehired. The collision in question occurred on the second day of his re-employment.

Plaintiff alleges that production of Yates' personnel file is relevant to the issue of Basin Marine's knowledge of Yates' drug use, and consequently, to the issue of whether Basin Marine should be denied the right to limit its liability in this matter. Plaintiff also alleges that Yates' marine experience and record are relevant to the issues presented.

Defendants oppose production of the personnel file, specifically contending that in his recent deposition, Mikel Clark, Basin Marine's President, conceded that Yates was fired several years ago for having failed a drug screen. Clark testified that Yates had completed a drug rehabilitation program and was hired only after an ample period of time during which he claimed to be drug-free. Defendants argue that plaintiff no longer needs to inspect Yates' personnel file since the information needed was provided in Clark's deposition. Defendants also contend that the plaintiff's need for the personnel records is outweighed by Yates' privacy rights.

### Analysis

The leading case in this Circuit regarding discovery of personnel files is *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir.1991). The plaintiffs in *Coughlin* were former deputy sheriffs who contended that they were improperly discharged for failing to support the sheriff in his reelection bid. Plaintiffs contended that the cited reason for their discharge—violation of department policy against release of information during an ongoing investigation—was a pretext for their dismissal. Plaintiffs sought discovery of personnel files within the department in an effort to show that other employees had committed similar infractions and were not dismissed. The district court limited discovery of the personnel files to those files evidencing removal or disclosure of confidential material—misconduct similar to the allegations of the plaintiffs—and to a two-year period.

On appeal, the Fifth Circuit determined that the district court had erred in limiting discovery of personnel files. The court noted that both the federal rules of discovery and the construction of the term "relevant" are broad. The court determined that the district court had failed to: (1) properly determine the applicability of any asserted privilege; and (2) balance the plaintiffs' need for the files against the government's interest in confidentiality. The court remanded the case to the district court with instructions to consider the ten factors in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa.1973) in weighing the competing interests of the parties and in determining whether an asserted privilege should bar discovery of the files. *Id.* at 1159.

█ The discovery disputes in both *Coughlin* and *Frankenhauser* involved records of law enforcement agencies. In the instant case, Yates' personnel file is a record maintained by a private employer. Thus, certain *Frankenhauser* factors are inapplicable to the extent they require consideration of governmental interests in the confidentiali-

ty of investigations and processes.[1] However, *Coughlin* made clear that in resolving disputes regarding personnel files, the court is required to balance the competing interests of the parties in a considered manner, with regard for the breadth of the federal discovery rules.

■ It should first be noted that defendants do not challenge the relevancy of Yates' personnel file to the issues at hand. Thus, the only remaining issue is whether plaintiff's interest in discovery of the file outweighs defendants' interest in protecting it from production. Pretermitting a discussion of defendants' standing to object, it is noted that defendants cite only Yates' privacy interests in support of their opposition to production of the file. Although defendants imply that Yates' personnel file is privileged, no specific privilege is identified, nor is the court aware of any which would apply.

Defendants cite *Matherne v. Hannan*, 534 So.2d 991 (La.App. 4th Cir.1988) for the proposition that Louisiana courts accord substantial deference to privacy issues in discovery disputes. Defendants' reliance on *Matherne* is based upon a misreading of the facts, and is therefore misplaced. *Matherne* was a civil action against a church for child abuse. Plaintiffs sought discovery of the personnel records of various priests. A careful reading of the opinion shows that the lower court **limited** discovery of the records, but did not restrict it altogether. The nature and scope of the limitations imposed are not discussed in the opinion. In any event, contrary to defendants' assertion, the lower court in *Matherne* did **not** grant a protective order as to the personnel files in their entirety. In upholding the limitations contained in the protective order, the appeals court stated:

In regard to their attempt to discover the **complete** personnel files of Father Prinz, Monsignor Koninky, Father Coyne, and Bishop Boudreaux, relators assert the trial court abused its discretion by granting defendants a protective order, pursuant to LSA–C.C.P. art. 1426, because defendants failed to show sufficient good cause supporting the issuance of the order. We find relators' arguments meritless.

Without a showing that the trial court committed **grave error** by issuing the order, reviewing courts will not set a protective order aside. * * * Consequently, as relators have failed to show grave error was committed by the court **limiting the scope** of discovery of the specified personnel files, we deny writ as to that portion of the September 28, 1988 judgment.

*Matherne, supra,* 534 So.2d at 992. In fact, *Matherne* appears to be in accord with other courts that the proper approach in deciding whether personnel files should be disclosed is to balance the respective interests of the parties.

The *in camera* review of Yates' personnel file revealed nothing of a particularly sensitive or private nature. In fact, though Basin Marine's president, Mikel Clark, testified in his deposition that Yates had failed a drug screen in the past, Yates' personnel file contains no copies of a positive screen. The only screen in the file is a negative one conducted on January 4, 1994, approximately one month prior to the accident. The file also lacks any record of Yates' previous termination, or the reasons for the break in his employment which is documented in the file. The file mainly consists of routine job application and tax forms, records of job assignments (which are particularly relevant insofar as they reveal Yates' previous assignment to and famil-

---

**1.** The ten factors in *Frankenhauser* are as follows: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

iarity with the M/V Basin Marine), safety bonus qualification forms, employee regulation notices signed by Yates (containing emphatic prohibitions against drug use), and other routine employment documentation. I conclude that any privacy interests which Yates has in his personnel file can be readily protected by entry of a confidentiality order restricting access of the file to the attorneys, parties, and purposes of this litigation. *Bernofsky v. Tulane University Medical School,* 1996 WL 198118 (E.D.La.1996); *Wilson v. Martin Cty. Hospital District,* 149 F.R.D. 553, 554 (W.D.Tex.1993).

Considering the foregoing, IT IS ORDERED that plaintiff's motion to compel is GRANTED. Defendants shall produce to plaintiff within 10 days of this date a full and complete copy of Yates' personnel file.

IT IS FURTHER ORDERED that counsel for defendants shall submit a proposed confidentiality order to plaintiff's counsel within 5 days of this date which limits access to Yates' file in accordance with this memorandum ruling.

IT IS FURTHER ORDERED that plaintiff's motion for costs and attorneys fees is DENIED.