Mandi WALTERS

v.

Don BREAUX, et al.

No. CIV. A. 00–110.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

April 18, 2001.

272

Lawrence Billeaud, Lafayette, LA, for Maudi Walters.

Laura Austin Theunissen, Edwin Preis, Jr., Preis, Draft & Roy, Lafayette, LA, for Don Breaux, Allen Venable and Michael Neustrom.

Lisa Mayer, John Wilkes III, Boone, Wilkes, Lafayette, LA, for Thomas Rhodes.

## DISCOVERY RULING

TYNES, United States Magistrate Judge.

On February 5, 2001, plaintiff filed a Motion to Compel seeking production of all documents, notes, photographs, tape and video recordings, investigative notes and records, administrative records, complaints, complaint histories, allegations of misconduct allegedly committed on or off duty, Internal Affairs Investigations, and information prepared by or on behalf of the Lafayette Sheriff Department arising out of any complaint or allegation of misconduct on or off duty made against the following individuals: Thomas Rhodes, Jerrell A. Tauzin, David Derouselle, Richie James Broussard, Willis P. Arceneaux, Jr., and Heath Alleman. (Document No. 40). These individuals were interviewed in connection with the investigation of plaintiff's allegation that she was raped by Thomas Rhodes at her apartment which she shared with Tauzin and Broussard on Friday, January 23, 1998 in the early morning hours after they had been drinking at a local bar. (Exhibit "A," Document No. 47). All except David Derouselle have been employed as law enforcement officers with the Lafayette Sheriff's Department. Derouselle, Arceneaux and Alleman are not parties herein. By Ruling dated March 16, 2001, the undersigned issued an Order requiring that responsive documents be delivered to the undersigned for an in camera inspection. (Document No. 76).

■    Discovery of privileged information in personnel/investigative files is determined by balancing the government's interest in confidentiality against the litigant's need for the documents. *Coughlin v. Lee,* 946 F.2d 1152 (5th Cir.1991); *D'Antoni v. Roach,* 1997 WL 627601 (E.D.La. Oct. 10, 1997). In *Coughlin,* plaintiffs were former deputy sheriffs who contended that they had been impermissibly discharged in retaliation for failing to support the sheriff in his re-election bid. To support their claim of pretext, plaintiffs sought discovery of personnel files of non-party sheriff's department employees who politically supported the Sheriff during the election and had arguably been guilty of a variety of infractions more serious than those committed by plaintiffs, but who were never-

theless not discharged. The district court limited discovery because it found the files irrelevant to plaintiff's cause.

On appeal, the Fifth Circuit concluded that the district court's limitation of discovery constituted an abuse of discretion. In reaching its determination, the Fifth Circuit noted that "[i]n Title VII litigation, in which plaintiffs are similarly required to demonstrate pretext, courts have customarily allowed a wide discovery of personnel files. All or some parts of these personnel files could be central to the plaintiffs' effort to prove pretext." *Coughlin*, 946 F.2d at 1159. The court determined that the district court had failed to consider whether the documents were privileged, inspected them *in camera* or engaged in a balancing of competing interests. On remand, the Fifth Circuit directed the district court to determine which files were discoverable by inspecting them *in camera* to determine if any were privileged and weighing their relevance against the government's interest in maintaining confidentiality in accordance with the factors articulated in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa.1973).[1]

Moreover, courts within this circuit have noted an apparent trend in this country to permit disclosure of law enforcement departments' internal affairs investigative reports and files. *Tyner v. City of Jackson, Mississippi*, 105 F.R.D. 564, 566 (S.D.Miss.1985); *Dinh v. Fenner*, 1987 WL 9817 (E.D.La. 1987). However, *Coughlin* directs that in resolving such disputes, the court is required to balance the competing interests in a considered manner, with regard for the breadth of the federal discovery rules. *Eckstein Marine Service Inc. v. M/V Basin Pride*, 168 F.R.D. 38, 40 (W.D.La.1996).

Having concluded an evaluation of the records, as well as review of the memoranda submitted by counsel, this court finds that the records designated in Exhibit A are relevant to the subject matter in the pending action. Specifically, this court finds that the designated records bear upon the witnesses' veracity and hence, are relevant herein. Such information may provide support to plaintiff's effort to prove that the witnesses' statements were false or given for the improper purpose of protecting the department or a fellow officer, or may lead to discovery of admissible evidence regarding that issue. Additionally, the personnel file of Thomas Rhodes is relevant because that file was admittedly examined by the investigator, and as such may lead to discovery of admissible evidence regarding his preparation of the report or the decision to pursue charges against plaintiff.

■ The defendants contend that the privacy interest of the individuals will be violated if production of the requested documents is ordered as the records contain confidential information such as the individual's salary, benefits, social security number, home address and home phone number and similar information which is protected from disclosure under various federal and state statutes in the absence of a waiver.

Federal common law, not Louisiana law, governs defendants' discovery objections. *Chauvin v. Sheriff Harry Lee*, 2000 WL 567006, *1 (E.D.La.2000) citing Fed.R.Evid. 501. "When considering a federal claim, federal courts apply federal common law, rather than state law, to determine the existence and scope of a privilege. Federal courts will,

---

1. The *Frankenhauser* factors are as follows: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in ques-

tion; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

It has been held that the most reliable test for determining whether information is privileged as official information is found in *Frankenhauser*. *Nguyen v. Jefferson Parish Sheriff's Department*, 1992 WL 91925 (E.D.La.1992).

however, consider state policies supporting a privilege in weighing the government's interest in confidentiality." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir.1991) citing Fed. R.Evid. 501. Although plaintiffs have asserted claims under both federal and state law, "all of the circuits that have directly addressed this issue have held that the federal law of privilege governs on issues of discoverability and/or admissibility," even when the evidence sought is relevant to a pendent state claim. *Chauvin*, 2000 WL 567006 at *1 citing *Hinsdale v. City of Liberal*, 961 F.Supp. 1490, 1493 (D.Kan.) (citing cases from Second, Third, Sixth, Seventh & Eleventh Circuits), aff'd, 981 F.Supp. 1378 (D.Kan.1997), and *Torres v. Kuzniasz*, 936 F.Supp. 1201, 1208 (D.N.J.1996).

Under the Louisiana Public Records Law, the home telephone number of the public employee if it is unlisted, the home telephone number of the public employee when the employee has requested that the number be kept confidential, and the home address of the employee when the employee has requested that the address be kept confidential, are confidential personnel records not subject to disclosure. La. R.S. § 44:11. Moreover, pursuant to 5 U.S.C. § 552(b)(6) personnel and medical files are protected from disclosure if disclosure would constitute a clearly unwarranted invasion of the individual's personal privacy. 5 U.S.C. § 552(b)(6). In order for information to be within subsection (b)(6), the information must be personnel, medical, or similar files and a balancing of individual privacy interests against public interest in disclosure must reveal that disclosure of the information would constitute a clearly unwarranted invasion of personal privacy. *Miami Herald Pub. Co. v. U.S. Small Business Administration*, 670 F.2d 610 (5th Cir.1982). Moreover, in applying the exemption, the court must balance the privacy interest or personal nature of information sought against the public interest that would be served by disclosure. *Chamberlain v. Kurtz*, 589 F.2d 827 (5th Cir.1979); See also *Avondale v. N.L.R.B.*, 90 F.3d 955, 959 (5th Cir.1996). Finally, under 42 U.S.C. § 405(c)(2)(c)(viii)(I) social security account numbers and related records that are obtained or maintained by "authorized persons"

shall be confidential, and no "authorized person" shall disclose any such social security account number or related record. The term "authorized person" means an officer or employee of any political subdivision of a State, or agency of a political subdivision of a State, and any other person (or officer or employee thereof), who has or had access to social security account numbers or related records. 42 U.S.C. § 405(c)(2)(c)(viii)(III).

In light of the above, the defendants have raised some legitimate privacy and confidentiality concerns which, with respect to the documents included in Exhibit A, are not sufficient to prevent discovery, but which can be accommodated with an appropriate protective order. Accordingly, the documents included in Exhibit A shall be redacted by the undersigned to exclude any medical information, social security numbers, home addresses and home telephone numbers contained in the records before they are provided to counsel. See *Avondale*, 90 F.3d at 959 (redaction as a means of protecting a private individual's interests is permissible, provided the details sought to be deleted are reasonably segregable....); *Chauvin*, 2000 WL 567006 at *3 (redacting social security numbers, home addresses and home telephone numbers contained in law enforcement personnel and internal affairs files prior to production); *D'Antoni*, 1997 WL 627601 at *4 (redacting social security numbers, home addresses, home telephone numbers and medical information contained in law enforcement personnel and internal affairs files prior to production).

For the foregoing reasons, **the Clerk of Court shall provide all counsel of record with a redacted copy of the pages attached herewith and labeled as Exhibit A, and to file the remaining pages, attached and labeled as Exhibit B, UNDER SEAL pending final disposition of this action.** Exhibit B shall be returned to defense counsel at the conclusion of this litigation.

**All information produced in accordance with this order must be kept confidential and used only for purposes of this litigation and must not be disclosed to anyone except parties to this litigation, the par-**

ties' counsel of record and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of this protective order and submitting to the jurisdiction of this court fore enforcement of those terms.

